**IN THE COURT OF APPEALS OF IOWA**

No. 16-1593
Filed January 25, 2017

**IN THE INTEREST OF C.S. and T.S.,**
**Minor child,**

**S.S., Mother,**
　　Appellant,

**M.S., Father**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Dubuque, Thomas J. Straka, Associate Juvenile Judge.

　　A mother and father separately appeal from the termination of their parental rights to their children.  **AFFIRMED.**

　　Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellant State.

　　Bridget L. Goldbeck of Hughes & Trannel, P.C., Dubuque, for appellant mother.

　　Dustin A. Baker of Baker Law, Dubuque, for appellant father.

　　Kathryn A. Duccini of Duccini Law Offices, Dubuque, guardian ad litem for minor children.

　　Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DANILSON, Chief Judge.**

A mother and father separately appeal from the termination of their parental rights to their children, C.S. and T.S, ages five and one. The parents each contend termination is not in the children's best interests due to the strong parent-child bonds and request an additional six months to seek reunification. The parents have a history of severe and lengthy substance abuse and have demonstrated an inability to safely care for their children. We find termination is in the children's best interests, the parent-child bond is not so strong as to outweigh the need for termination, and providing six additional months will not obviate the need for removal. We therefore affirm.

This matter arose in March 2015 because T.S. tested positive for illegal substances at birth. C.S. also tested positive for illegal substances. After the parents failed to comply with drug testing, the children were removed on July 23, 2015. The children were returned to the parents' care on January 27, 2016. However, both parents relapsed around February 2016 and began another period of noncompliance with drug testing. A department of human services (DHS) worker testified when the parents did provide drug tests they were often positive for illegal substances. The children were again removed on April 13, 2016. At the time of the termination hearing held August 24, 2016, the mother was not appearing for drug testing consistently and had not attended visitation with the children in two months. The father was in jail waiting to be transferred to prison for a five-year sentence.

The parents have a long history of substance abuse. The juvenile court described their substance abuse as severe and noted the father has been

abusing substances for ten years and the mother for fifteen years. Their parental rights to four other children have been terminated due to the ongoing substance-abuse issues. A DHS assessment reported the father has sixteen and the mother has twenty-one prior founded child-abuse assessments for denial of critical care, presence of an illegal substance in a child, or failure to provide proper supervision.

In a September 9, 2016 order, the juvenile court terminated each of the parents' parental rights under Iowa Code section 232.116(1)(g) and (*l*) (2016) as to both children, and section 232.116(1)(h) as to T.S. Both parents appeal.

We review termination proceedings de novo. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). "Our primary concern is the best interests of the child[ren]." *Id.*

In considering whether parental rights should be terminated, we (1) assess whether grounds for termination exist under section 232.116(1); (2) determine if termination is in the children's best interests; and (3) consider whether any of the section 232.116(3) exceptions apply to preclude the need for termination. *In re D.W.*, 791 N.W.2d 703, 706-07 (Iowa 2010). Because the parents do not dispute grounds for termination exist, we need not discuss that portion of the analysis. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The mother asserts termination is not in the children's best interests, and both parents contend termination would be detrimental to the children due to the strong parent-child bond. We acknowledge the parents have a bond with the children and C.S. has struggled with being removed from the parents' care. However, the parents have not made strides to provide for the "long-term nurturing and growth of the child[ren], and to [ensure] the physical, mental, and

emotional condition and needs of the child[ren]" are met. *See* Iowa Code § 232.116(2). The parents have demonstrated a pattern of receiving substance-abuse treatment yet being unable to maintain sobriety, subjecting children in their care to unsafe conditions. "Insight for the determination of the child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.'" *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) (citation omitted). It is not in the children's best interests to remain in the parents' custody.

Additionally, the parent-child bond is not so strong as to preclude the need for termination. *See* Iowa Code § 232.116(3)(c). The children have been in four placements during the pendency of these proceedings. The children's current foster family has agreed to adopt the children. The parent-child bond does not outweigh the children's need for permanency in a safe and stable home. Thus, there is not clear and convincing evidence that termination would be detrimental due to the parent-child bond of either parent. *See id.* § 232.116(3).

Both parents also request an additional six months to seek reunification. *See id.* § 232.104(2)(b). The juvenile court denied the request for additional time, stating due to "the father's prison sentence and mother's need for long-term inpatient substance abuse treatment, the court is unable to make the determination that the need for a removal will no longer exist at the end of an extension." We agree. The father is incarcerated and neither parent has demonstrated an ability to successfully complete substance-abuse treatment

notwithstanding multiple attempts.  We determine it is highly unlikely the children could be safely returned in six months' time.

We find termination is in the children's best interests, no exception applies to outweigh the need for termination, and granting the request for an additional six months would not allow for reunification.  We therefore affirm the juvenile court's termination order.

**AFFIRMED.**